Antonio AMARAL, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 91–2095.

United States Court of Appeals,
First Circuit.

Heard May 5, 1992.

Decided Oct. 13, 1992.

Mark L. Galvin, Providence, R.I., for petitioner.

Charles E. Hamilton, III, with whom Stuart M. Gerson, Asst. Atty. Gen., Civil Div., Richard M. Evans, Asst. Director, and Marshall Tamor Golding, Atty., Office of Immigration Litigation, Dept. of Justice, Washington, D.C., were on brief for respondent.

Before BREYER, Chief Judge, CYR, Circuit Judge, and BOYLE,* District Judge.

FRANCIS J. BOYLE, Chief Judge.

Petitioner, Antonio Amaral, seeks review of a final order of the Board of Immigration Appeals ("Board") finding that Petitioner is deportable as an "aggravated felon" under § 241(a)(4)(B) of the Immigration and Nationality Act ("Act"), 8 U.S.C.

* Of the District of Rhode Island, sitting by designation.

§ 1251(a)(4)(B) [recodified as 8 U.S.C. § 1251(a)(2)(A)(iii) (1990) ], and denying Petitioner's application for a waiver of excludability as a long-term lawful resident under § 212(c) of the Act, 8 U.S.C. § 1182(c). Because Petitioner failed to file a timely appeal of the Board's order, we dismiss for lack of jurisdiction.

I

*Background*

Petitioner is a twenty-five-year-old native and citizen of Portugal who was admitted to this country as a lawful permanent resident in 1969, when he was two years old. Since his arrival, Petitioner has never left this country and has resided continuously in Providence, Rhode Island. His immediate family members all reside in Rhode Island, and he has no known family members in Portugal. Petitioner presently lives with his non-English-speaking father, whom Petitioner, when employed, helps to support by contributing money for rent payments. He also interprets for his parents. Petitioner has had fairly steady employment since he graduated from a vocational high school, where he studied electrical work.

Petitioner has a history of drug use since the age of about twenty. On January 20, 1987, Petitioner was convicted in the Superior Court of Providence County, Rhode Island, based upon a plea of nolo contendere, of possession of approximately $25 worth of cocaine and was sentenced to two years' probation. On September 27, 1988, he was again convicted for possession of approximately $80 of cocaine after a plea of nolo contendere in the same court. He was sentenced to serve three years, two of which were suspended, and placed on probation for two years. Following this second conviction, Petitioner served four months in prison. On July 2, 1989, only two months after being released, Petitioner was again arrested for possession of about $100 of cocaine. On November 17, 1989, he was convicted on a state court nolo contendere plea based on this third arrest on July 2, 1989 and was given a three-year suspended sentence and placed on probation for three years.

On March 7, 1989, several months before Petitioner's third arrest and conviction for cocaine possession, the Immigration and Naturalization Service ("INS") initiated deportation proceedings by issuing an order to show cause, mistakenly charging Petitioner with being deportable under § 241(a)(11) (controlled substances violation), 8 U.S.C. § 1251(a)(11) [recodified as 8 U.S.C. § 1251(a)(2)(B)(i) (1990) ], on the basis of a non-existent January 20, 1981 state court conviction for heroin possession. The show cause order was amended on October 6, 1989 to strike the heroin conviction and allege instead the January 20, 1987 state court conviction for cocaine possession. On July 13, 1990, the INS amended the order for a second time to include Petitioner's cocaine convictions on September 27, 1988 and November 7, 1989. The amendment additionally charged that Petitioner was deportable under § 241(a)(4)(B) as an aggravated felon on the basis of his third cocaine conviction in November of 1989.

Petitioner admitted all three cocaine convictions and conceded deportability under § 241(a)(11), authorizing deportation of aliens convicted of a controlled substance offense. Petitioner, however, denied deportability as an aggravated felon under § 241(a)(4)(B). Petitioner also sought a waiver under § 212(c) of the Act, 8 U.S.C. § 1182(c).

The immigration judge found Petitioner to be deportable under both § 241(a)(4)(B) as an aggravated felon and § 241(a)(11) as an alien convicted of a controlled substance offense, and denied the § 212(c) application as a matter of discretion. The Board, in a decision issued on August 15, 1991, affirmed the immigration judge's decision.

A petition for review was filed in this court on October 30, 1991, more than thirty days after issuance of the Board's order. The INS filed a motion to dismiss the petition as untimely filed because § 106(a)(1) of the Act, 8 U.S.C. § 1105a(a)(1), requires an alien convicted of an aggravated felony to file a petition for review no later than thirty days after the issuance of a final

deportation order. Petitioner, claiming that he is a simple possessor and not an aggravated felon, contends that his petition is timely and that the Board abused its discretion in its denial of his § 212(c) application.[1]

## II

■ The time within which an aggrieved alien may file a petition to review a final deportation order by the Board is governed by § 106(a)(1) of the Act as amended by § 545(b)(1) of the Immigration Act of 1990, 8 U.S.C. § 1105a(a)(1). It provides that "a petition for review may be filed not later than 90 days after the date of the issuance of the final deportation order, or, in the case of an alien convicted of an aggravated felony, not later than 30 days after [the] issuance of such order...." Compliance with § 106(a)(1)'s timeliness requirements is jurisdictional. *Pimental–Romero v. Immigration and Naturalization Service,* 952 F.2d 564, 564 (1st Cir.1991). Therefore, if Petitioner, who filed his petition for review more than thirty days after the Board's final deportation order, is an aggravated felon within the meaning of § 241(a)(4)(B), there is no jurisdiction to review the petition.

The term "aggravated felony" was first defined in the Anti–Drug Abuse Act of 1988 ("ADAA"), Pub.L. No. 100–690, § 7342 (codified as amended at 8 U.S.C. § 1101(a)(43) (Supp.1990)). According to the ADAA definition, which became effective November 18, 1988, the term "aggravated felony" includes "any drug trafficking crime as defined in section 924(c)(2) of Title 18, United States Code...." That definition was amended in 1990 to read in part that "[t]he term 'aggravated felony' means ... any illicit trafficking in any controlled substance ... including any drug trafficking crime as defined in section 924(c)(2) of Title 18...." 8 U.S.C. § 1101(a)(43).

Both definitions speak in terms of "trafficking." Petitioner contends that the plain meaning of "trafficking" requires something more than simple possession. He contends that the harsh consequences accompanying aggravated felon status [2] were intended only for serious drug traffickers and not simple users or possessors.

■ Both the 1988 and the 1990 definitions refer to 18 U.S.C. § 924(c)(2). The term "drug trafficking crime" is defined in 18 U.S.C. § 924(c)(2) to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substance Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. § 1901 et seq.)." Thus, for a drug offense to come within 18 U.S.C. § 924(c)(2), and hence, in turn, to fit within the definition of aggravated felony, two criterion must be met: 1) the offense must be punishable under one of the three enumerated statutes, and 2) the offense must be a felony.

■ Petitioner does not dispute that the first criterion—an offense punishable under one of the three enumerated statutes—is met. Possession of drugs is punishable under 21 U.S.C. § 844(a), a part of the Controlled Substances Act. Section 844(a) reads in material part as follows:

§ 844. Penalty for simple possession

(a) Simple possession

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person

---

**1.** Petitioner contends that the Board's determination regarding his § 212(c) application constituted an abuse of discretion because the Board's "factual findings" concerning the degree of hardship that his deportation will cause him and his family, and concerning the extent of his rehabilitation, were unsupported by the evidence; because the Board's decision rested on an impermissible basis; and because the Board departed from established policies by requiring a heightened showing of "unusual and outstand-

ing equities" and rehabilitation. Because this court finds it has no jurisdiction to review the petition, we need not address these arguments.

**2.** Aside from the abbreviated period of time for filing appeals of final Board orders, aliens convicted of aggravated felonies are also precluded from obtaining an automatic stay of deportation under 8 U.S.C. § 1105a(a)(3).

who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug or narcotic offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500, except, further, that if he commits such offense after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug or narcotic offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000.

Petitioner contends that the second criterion necessary for an offense to be considered a drug trafficking crime is not satisfied because his 1989 simple possession conviction should not qualify as a felony under § 844(a). A felony, however, is defined under the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State Law as a felony." 21 U.S.C. § 802(13). Under 18 U.S.C. § 3559(a), an offense is a felony if the maximum term of imprisonment authorized for the offense is "more than one year." The maximum penalty under 21 U.S.C. § 844(a) for simple possession without prior convictions is one year. Hence,

absent prior convictions, simple possession is not a felony. However, one prior conviction turns possession into a felony since the maximum penalty increases to over a year. Here, Petitioner had two prior drug convictions which, under the literal application of §§ 844(a) and 3559(a), render the 1989 possession conviction a felony.[3]

■ Notwithstanding the literal application of §§ 844(a) and 3559(a), leading to aggravated felon status, Petitioner contends that his third possession conviction was punishable under 21 U.S.C. § 844(a) only as a misdemeanor because his two predicate convictions antedated enactment of the aggravated felon provision, § 101(a)(43), 8 U.S.C. § 1101(a)(43). Petitioner cites *Ayala–Chavez v. Immigration and Naturalization Service*, 945 F.2d 288, 291 (9th Cir.1991), for the proposition that Congress intended the aggravated felon provision to apply prospectively only.[4] According to Petitioner, no offense committed prior to the November 1988 enactment of the definition of aggravated felon can be used to establish aggravated felon status.

Petitioner's retroactivity argument lacks merit for the simple reason that there has been no retroactive application of § 101(a)(43). Petitioner's third possession arrest and conviction occurred in 1989, months after the enactment of § 101(a)(43). At that time, an additional possession conviction was a felony under § 844(a). The mere fact that his prior convictions turn his third conviction into a felony does not make application of the aggravated felon provision retroactive. Petitioner's reliance on *Ayala–Chavez* is therefore entirely misplaced. The only conviction asserted as the

---

**3.** Moreover, possession is a felony under the applicable state law. In Rhode Island, the maximum imprisonment for possession is three years, R.I.Gen.Laws § 21–28–4.01(C)(1)(a), and any criminal offense punishable by imprisonment for more than one year is a felony, R.I.Gen.Laws § 11–1–2. Thus, under the definition of a felony in 21 U.S.C. § 802(13), Petitioner's possession convictions, which are felonies under Rhode Island law, are also considered felonies under the Controlled Substances Act. The Board, however, did not rely upon state law for its finding that Petitioner is an aggravated felon.

**4.** *Ayala–Chavez* has been legislatively overruled by § 306(a)(11)(B) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. No. 102–232 (Dec. 12, 1991), which provides that an alien convicted of an aggravated felony is precluded from obtaining an automatic stay of deportation under 8 U.S.C. § 1105a(a)(3), regardless of the date of conviction. *See Arthurs v. Immigration and Naturalization Service*, 959 F.2d 142 (9th Cir.1992); *Ignacio v. Immigration and Naturalization Service*, 955 F.2d 295, 298 (5th Cir.1992).

basis for the thirty-day limitation on filing a review petition occurred long after the enactment of § 101(a)(43). Application of the thirty-day limitation in this case is therefore fully prospective.

In sum, because Petitioner, an aggravated felon within the meaning of § 101(a)(43), 8 U.S.C. § 1101(a)(43) and § 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B) [recodified as 8 U.S.C. § 1251(a)(2)(A)(iii) ], failed to file his petition for review within thirty days as required by 8 U.S.C. § 1105a(a)(1), there is no jurisdiction to review his petition. *See Pimental–Romero*, 952 F.2d at 564.

*The petition for review is dismissed.*