USCA1 Opinion

 

 February 17, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1651 DONOVAN ALBERT KNIGHT, A/K/A PAUL KNIGHT, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Paul Knight on brief pro se. ___________ Frank W. Hunger, Assistant Attorney General, Francesco Isgro and _______________ _______________ Donald E. Keener, Office of Immigration Litigation, Civil Division, _________________ Department of Justice, on brief for respondent. ____________________ ____________________ Per Curiam. The instant pro se petition for review, in ___________ which petitioner seeks to challenge a decision of the Board of Immigration Appeals upholding his order of deportation, falters on procedural grounds. In 1992, an Immigration Judge found that petitioner, having been convicted of two crimes involving moral turpitude, was deportable under 8 U.S.C. 1251(a)(2) and was undeserving of discretionary relief under 8 U.S.C. 1182(c). The Board of Immigration Appeals upheld this ruling in a decision dated September 21, 1993. Petitioner failed to seek review in this court within 90 days, as required by 8 U.S.C. 1105a(a)(1). Instead, in March 1994, he filed a motion to reopen with the Board, claiming that the decision had not been delivered to him in prison because its mailing label had omitted the alias ("Paul Knight") under which he was incarcerated. The Board denied the motion to reopen, and petitioner filed a timely petition for review. In his appellate brief, he argues solely that the Board's September 1993 decision was in error. We lack jurisdiction to review the Board's 1993 decision because of petitioner's failure to seek timely review thereof. See, e.g., Amaral v. INS, 977 F.2d 33, 35 (1st Cir. ___ ____ ______ ___ 1992) (compliance with statutory filing period is jurisdictional prerequisite); Pimental-Romero v. INS, 952 _______________ ___ F.2d 564, 564 (1st Cir. 1991) (same). As such, the only matter open for review is the propriety of the Board's -3- decision not to reopen the case. Petitioner has waived this issue, however, by failing to advance any argument with regard thereto in his appellate brief. See, e.g., Lareau v. ___ ____ ______ Page, 39 F.3d 384, 390 n.3 (1st Cir. 1994); Charles v. Rice, ____ _______ ____ 28 F.3d 1312, 1320 (1st Cir. 1994). We add that the two Board decisions appear fully supportable in any event. Its conclusion that petitioner was responsible for any confusion as to the name under which he received mail was well within its discretion. See, e.g., INS ___ ____ ___ v. Doherty, 112 S. Ct. 719, 725 (1992) (denial of motion to _______ reopen subject to review under abuse of discretion standard). Its determination that petitioner's 1983 conviction was "final" for immigration purposes appears unexceptionable. See, e.g., Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th ___ ____ ________________ ___ Cir. 1981) (a conviction is final even though "subject to collateral attack") (cited in White v. INS, 17 F.3d 475, 479 _____ ___ (1st Cir. 1994)). And its finding that petitioner's 1977 conviction was established by clear, unequivocal and convincing evidence appears warranted on the facts presented. The petition for review is denied.  _________________________________ -4-