52 F.3d 309
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Nabor Jesus Santa USUGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-1058.
 United States Court of Appeals,
First Circuit.
 April 13, 1995.
 
 Frank M. Hunger, Assistant Attorney General, Alexander H. Shapiro and Robert Kendall, Jr., Attorneys, Office of Immigration Litigation, Department of Justice, Civil Division, on Respondent's Opposition to Stay of Deportation.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges..
 Per Curiam.
 
 
 1
 We vacate this court's January 17, 1995 stay of deportation and summarily deny the petition for judicial review because petitioner is not entitled to any relief in this court. Loc. R. 27.1.
 
 
 2
 The record before the Board fully supported the deportation order and denial of relief from deportation. While petitioner now claims that he was not warned of the immigration consequences of admitting sufficient facts, and he argues that those convictions are therefore invalid under Mass. G.L. ch. 278, Sec. 29D, see Commonwealth v. Mahadeo, 397 Mass. 314 (1986), petitioner may not collaterally attack his criminal convictions in the context of deportation proceedings. Gouveia v. INS, 980 F.2d 814 (1st Cir. 1992).
 
 
 3
 Petitioner's contention that he has not been convicted of a "trafficking" offense or an "aggravated felony" is incorrect and ignores the definitions of those terms. United States v. Rodriguez, 26 F.3d 4, 6 (1st Cir. 1994); United States v. Forbes, 16 F.3d 1294, 1300-01 (1st Cir. 1994); Amaral v. INS, 977 F.2d 33, 35-36 (1st Cir. 1992).
 
 
 4
 Nor has petitioner shown eligibility for discretionary relief. Michelson v. INS, 897 F.2d 465, 469 (10th Cir. 1990) (alien, who entered as a visitor, but remained longer than permitted, was not "lawfully admitted for permanent residence" and therefore was not eligible for Sec. 212(c) relief).
 
 
 5
 The petition for judicial review is summarily denied.