USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1058 NABOR JESUS SANTA USUGA, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Frank M. Hunger, Assistant Attorney General, Alexander H. Shapiro _______________ ____________________ and Robert Kendall, Jr., Attorneys, Office of Immigration Litigation, ___________________ Department of Justice, Civil Division, on Respondent's Opposition to Stay of Deportation. ____________________ April 13, 1995 ____________________ Per Curiam. We vacate this court's January 17, 1995 __________ stay of deportation and summarily deny the petition for judicial review because petitioner is not entitled to any relief in this court. Loc. R. 27.1. The record before the Board fully supported the deportation order and denial of relief from deportation. While petitioner now claims that he was not warned of the immigration consequences of admitting sufficient facts, and he argues that those convictions are therefore invalid under Mass. G. L. ch. 278, 29D, see Commonwealth v. Mahadeo, 397 ___ _______________________ Mass. 314 (1986), petitioner may not collaterally attack his criminal convictions in the context of deportation proceedings. Gouveia v. INS, 980 F.2d 814 (1st Cir. 1992).  ______________ Petitioner's contention that he has not been convicted of a "trafficking" offense or an "aggravated felony" is incorrect and ignores the definitions of those terms. United States v. Rodriguez, 26 F.3d 4, 6 (1st Cir. 1994); ___________________________ United States v. Forbes, 16 F.3d 1294, 1300-01 (1st Cir. ________________________ 1994); Amaral v. INS, 977 F.2d 33, 35-36 (1st Cir. 1992). _____________ Nor has petitioner shown eligibility for discretionary relief. Michelson v. INS, 897 F.2d 465, 469 (10th Cir. 1990) ________________ (alien, who entered as a visitor, but remained longer than permitted, was not "lawfully admitted for permanent residence" and therefore was not eligible for 212(c) relief). -2- The petition for judicial review is summarily denied. -3-