**UNITED STATES of America, Plaintiff,**

v.

**Wayne Robert HAGGERTY a/k/a Robert Wayne Haggerty a/k/a Travis Cody, Defendant.**

**No. CR 95–30010.**

United States District Court, D. South Dakota, Central Division.

May 1, 1995.

Mark A. Moreno, and such magistrate judge having conducted a hearing in this matter on April 12, 1995, and such magistrate judge having submitted his Report and Recommendations for Disposition to the Court on April 13, 1995, and

It further appearing that a copy of such memorandum opinion, findings and recommendations was served upon the defendant as required by 28 U.S.C. § 636, and that the said defendant has filed his written objections thereto, and

The Court having made a de novo determination that the recommendations of the magistrate judge should be accepted,

Now, therefore,

IT IS ORDERED:

(1) That the Report and Recommendations for Disposition of the U.S. Magistrate Judge dated April 12, 1995, shall be and is hereby adopted.

(2) That the Defendant's Motion to Dismiss the Indictment, Doc. 23, is denied.

## REPORT AND RECOMMENDATIONS FOR DISPOSITION

MORENO, United States Magistrate Judge.

The defendant, Wayne Robert Haggerty a/k/a Robert Wayne Haggarty a/k/a Travis Cody, hereinafter "Haggerty", filed a Motion to Dismiss the Indictment and Supporting Memorandum, Docket No. 23. This Court held a hearing on the Motion on April 12, 1995 in accordance with the District Court's[1] Order Setting Trial Dates, Docket No. 19. Because defendant's Motion is a dispositive one, the Court is only authorized to determine the Motion on a report and recommendation basis. Pursuant to 28 U.S.C. § 636(b)(1), the Court does now make and propose the following Report and Recommendations for disposition of defendant's Motion.

Mikal G. Hanson, Asst. U.S. Atty., Pierre, SD, for plaintiff.

Patricia A. Carlson, Pierre, SD, for defendant.

## ORDER

JOHN B. JONES, Senior District Judge.

The Court having submitted the above-entitled matter to U.S. Magistrate Judge

### I.

Haggerty is a 35–year–old native and citizen of Canada who is charged with illegally

1. The Honorable John B. Jones, Senior United States District Judge, presiding.

reentering the United States after previously being deported following his conviction for an "aggravated felony" in violation of 8 U.S.C. § 1326(b)(2). The indictment alleges that Haggerty was convicted of Possession of a Controlled Substance (Methamphetamine) on June 29, 1994 in Municipal Court of California, County of San Diego and that his conviction was a felony under California law. In his Motion to Dismiss, Haggerty claims that his prior state conviction was not an "aggravated felony", an essential element of the charged offense, and that as such he is entitled to a dismissal of the indictment.

Plaintiff, United States of America, hereinafter "Government", argues that Haggerty's January 26, 1994 conviction in California Municipal Court for Unauthorized Possession of a Controlled Substance (methamphetamine) transformed his June 29, 1994 conviction[2] into a felony under applicable California law. The Government also argues that Haggerty's June 29, 1994 conviction comes within the purview of 18 U.S.C. § 924(c)(2) and hence, fits within the definition of "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43).

## II.

An alien who reenters the United States without permission after being deported "subsequent to a conviction for commission of an aggravated felony" may be sentenced to fifteen years imprisonment. 8 U.S.C. § 1326(b)(2). If the deportation was "subsequent to a conviction for commission of a felony (other than an aggravated felony),"

the maximum sentence is five years. *Id.,* § 1326(b)(1).

Whether an offense is an "aggravated felony" or a "non-aggravated felony" is a question of law for the court to decide. *United States v. Lomas,* 30 F.3d 1191, 1193 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1158, 130 L.Ed.2d 1114 (1995). A categorical approach to deciding this issue avoids the enormous problems of re-litigating past convictions, especially in cases where the defendant pleads guilty and there is no record of the underlying facts. *See Taylor v. United States,* 495 U.S. 575, 601, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990). *See also Custis v. United States,* —— U.S. —— - ——, 114 S.Ct. 1732, 1737–39, 128 L.Ed.2d 517 (1994). The only real issue now before the Court is whether Haggerty's June 29, 1994 conviction constitutes an "aggravated felony."

An "aggravated felony" is defined to include:

> Any illicit trafficking in any controlled substance (as defined in § 802 of Title 21), including any drug trafficking crime as defined in § 924(c)(2) of Title 18, ... or any attempt or conspiracy to commit any such act. Such term applies to offenses described in the previous sentence whether in violation of federal or state law....

*Id.,* § 1101(a)(43); *see also* U.S.S.G., § 2L1.2, comment. n. 7. Section 924(c)(2)· of Title 18 in turn defines "drug trafficking crime" broadly to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import & Export Act (21 U.S.C. 951 *et seq.*)

---

**2.** Prior to the April 12, 1995 Motion hearing, the Government provided the Court with copies of various documents which relate to the California state charges lodged against Haggerty in January and June, 1994 and the disposition of the same. These documents reflect:

(1) That Haggerty pled guilty to Unauthorized Possession of a Controlled Substance (methamphetamine), a misdemeanor, in violation of Cal.Health & Safety Code § 11377(a) and Cal.Penal Code § 17(b)(4) and that on January 26, 1994, he received a suspended imposition of sentence and was placed on probation for a period of three years subject to various conditions; and

(2) That on June 29, 1994 Haggerty pled guilty to Unauthorized Possession of a Controlled Substance (methamphetamine), a felony, in vi-

olation of Cal.Health & Safety Code § 11377(a) and that later he received a suspended imposition of sentence and was placed on probation for a period of three years subject to various conditions, including the serving of a 240 day jail term.

At the April 12th hearing, defense counsel acknowledged that she had received, during the course of discovery, copies of the documents submitted to the Court concerning Haggerty's two 1994 Unauthorized Possession convictions. Counsel had no objection to the Court considering the documents and at no time ever disputed the information contained in the same. The Court therefore will assume, for purposes of the Motion to Dismiss, that the information contained in the documents is true and correct.

or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 *et seq.*). In order to meet the definition of an "aggravated felony", two criterion must be met: (1) the offense must be punishable under one of the three enumerated statutes; and (2) the offense must be a felony. *Amaral v. I.N.S.*, 977 F.2d 33, 35 (1st Cir.1992); *see also Jenkins v. I.N.S.*, 32 F.3d 11, 14 (2d Cir.1994); *United States v. Forbes*, 16 F.3d 1294, 1301 (1st Cir.1994).

Possession of drugs is punishable under 21 U.S.C. § 844(a), a part of the Controlled Substances Act. Section 844(a) provides in pertinent part as follows:

§ 844. Penalty for Simple Possession.

(a) Simple Possession.

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person who violates this subsection may be sentenced to a term of imprisonment of not more than one year and shall be fined a minimum of $1,000, or both, *except that if he commits such an offense after a prior conviction under this subchapter or subchapter II of this chapter*, or a prior conviction for any drug or narcotic offense chargeable under the law of any state has become final, *he shall be sentenced to a term of imprisonment for not less than fifteen days but not more than two years*, and shall be fined a minimum of $2,500.00....

(Emphasis added).

A felony is defined under the Controlled Substances Act as "any Federal *or State offense* classified by applicable Federal *or State Law* as a felony." 21 U.S.C. § 802(13). (Emphasis added). Under 18 U.S.C. § 3559(a), an offense is a felony if the maximum term authorized for the offense is "more than one year." The maximum penalty authorized under 21 U.S.C. § 844(a) for simple possession is one year. However, one prior conviction turns simple possession into a felony since the maximum penalty increases to over a year.

In the instant case, Haggerty's January 26, 1994 Unauthorized Possession conviction, a violation of Cal.Health & Safety Code § 11377(a) and Cal.Penal Code § 17(b)(4), converted his June 29, 1994 Unauthorized Possession conviction into a felony under California law[3]. *See* Cal.Health & Safety Code § 11381; Cal.Penal Code §§ 17, 18. In addition, Haggerty's June 29, 1994 conviction is punishable as a felony under one of the statutes enumerated in 18 U.S.C. § 924(c)(2) and therefore qualifies as an "aggravated

---

**3.** In 1994, Possession of a Controlled Substance (methamphetamine) was punishable by imprisonment in the county jail not exceeding one year or by imprisonment in the state prison for a term of sixteen months, two years or three years. Cal. Health & Safety Code § 11377(a); Cal.Penal Code § 18. Therefore, subject to the discretion of the sentencing court, possession of a controlled substance was either a felony or a misdemeanor.

Under California law, where an offense is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose until judgment. *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir.1992). Section 17(b) of the California Penal Code, however, states, in pertinent part, that such an offense is a misdemeanor for all purposes:

(1) After a judgment imposing a punishment other than imprisonment in the state prison.

\* \* \* \* \* \*

(3) When the court grants probation to a defendant without imposition of sentence at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal.Penal Code § 17(b). Haggerty's situation does not fall under either of these circumstances. The California trial court granted probation and suspended the imposition of sentence on Haggerty's June 29, 1994 conviction. Clearly, "[a]n order granting probation is not a judgment." *Robinson*, 967 F.2d at 293 (*quoting People v. Smith*, 195 Cal.App.2d 735, 737, 16 Cal.Rptr. 12 (1961)). Furthermore, when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. *Robinson*, 967 F.2d at 293. In the latter case only, a judgment of conviction is rendered. *Id.* (*quoting People v. Arguello*, 59 Cal.2d 475, 476, 30 Cal.Rptr. 333, 381 P.2d 5 (1963)). In Haggerty's case, the trial court suspended imposition of sentence and thus never entered a judgment. The court likewise never declared Haggerty's conviction to be a misdemeanor, either when it granted probation or anytime thereafter. Because the requirements of § 17(b)(1) and (3) of the California Penal Code were not met, Haggerty's June 29, 1994 Unauthorized Possession conviction was a felony based on California law.

felony" within the meaning of 8 U.S.C. § 1101(a)(43).[4] *Jenkins v. I.N.S.,* 32 F.3d at 13–14; *United States v. Lomas,* 30 F.3d at 1193–95; *United States v. Forbes,* 16 F.3d at 1300–01; *Amaral v. I.N.S.,* 977 F.2d at 35–37.

The fact that Haggerty's June 29, 1994 conviction was for drug possession, based on an enhancement statute, is of no consequence and, more importantly, does not serve to take his conviction out of the definition of an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2). *Amaral v. I.N.S.,* 977 F.2d at 35–37; *see also Lomas,* 30 F.3d at 1193–95; *Forbes,* 16 F.3d at 1300–01.

■ Nor is the indictment fatally flawed, as Haggerty maintains, because it only includes the June 29, 1994 conviction and not the January 26, 1994 one. The majority and better view is that the indictment need not include a specific reference to the defendant being deported subsequent to a conviction for an aggravated felony or specify the aggravated felony or underlying misdemeanor(s) used to "create" the felony. *See United States v. Munoz–Cerna,* 47 F.3d 207, 210–11 & n.n. 6 & 7 (7th Cir.1995). Yet, even under the more restrictive view adopted by the Ninth Circuit, *see United States v. Campos–Martinez,* 976 F.2d 589 (9th Cir.1992), the indictment here, because it charges Haggerty with being convicted of a prior felony, specifies the same and alleges a violation of 8 U.S.C. § 1326(b)(2), is not legally infirm or subject to dismissal.

### III.

Based on the foregoing and in accordance with 28 U.S.C. § 636(b)(1), this Court recommends that defendant's Motion to Dismiss the Indictment, Docket No. 23, be denied in all respects.

Dated this ___ day of April, 1995 at Pierre, South Dakota.

**4.** Haggerty's conviction also qualifies as an "aggravated felony" under the United States Sentencing Guidelines. *See* U.S.S.G. § 2L1.2.