USCA1 Opinion

 

 November 29, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1924  UNITED STATES, Appellee, v. HENRY ANTONIO SANTANA, a/k/a WILLIAM ALFREDO PANTOJAS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Benicio Sanchez Rivera, Federal Public Defender, and Gustavo A. _______________________ ___________ Gelpi, Assistant Federal Public Defender, on brief for appellant. _____ Guillermo Gil, United States Attorney, Maria M. Pabon, Assistant _____________ ______________ United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation _______________________ Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Henry Antonio Santana appeals his __________ conviction on the charge of attempting to reenter the United States, after previously having been deported, without having obtained the permission of the Attorney General. Appellant alleges that: (1) the government and court constructively amended the indictment against him; and (2) the court erred in failing to give the proper jury instructions. We affirm. Appellant was charged in a one count indictment with illegally reentering the United States in violation of 8 U.S.C. 1326. At trial, appellant moved for a judgment of acquittal on the ground that the government had constructively amended the indictment since the evidence showed that appellant was guilty at most of attempted reentry not the reentry for which he had been indicted. The court agreed with appellant that the facts presented at trial supported only a charge of attempted reentry. The court, however, denied the motion for acquittal. The court reasoned that the difference between the indictment and the proof at trial amounted only to a nonprejudicial variance.1 Subsequently, the court instructed the jury as if the crime charged were attempted reentry.   ____________________ 1. A deported alien can violate Section 1326 in three separate ways: if he "enters," "attempts to enter" or "is at any time found in" the United States. See United States v. ___ _____________ Rodriguez, 26 F.3d 4, 8 (1st Cir. 1994). _________ The determinative issue in this case is whether the difference between the indictment and the proof offered at trial amounted to a constructive amendment or to a variance. The former is grounds for reversal per se. United States v. ___ __ _____________ Fisher, 3 F.3d 456, 463 (1st Cir. 1993). The latter is ______ grounds for reversal only if it affects a defendant's substantial rights. Id. Appellant does not contend that the __ differences in proof affected his substantial rights. No constructive amendment occurred in the instant case. A constructive amendment of an indictment occurs when the evidence at trial and/or jury instructions "broaden[] the _______ possible bases for conviction from that which appeared in the indictment." United States v. Miller, 471 U.S. 130, 138 ______________ ______ (1985) (emphasis in original); see also United States v. ___ ____ _____________ Floresca, 38 F.3d 706, 710 (4th Cir. 1994); United States v. ________ _____________ Rosenthal, 9 F.3d 1016, 1021 (2d Cir. 1993); United States v. _________ _____________ Kramer, 955 F.2d 479, 487 (7th Cir.), cert. denied, 113 S.Ct. ______ ____ ______ 595 (1992); United States v. Wright, 932 F.2d 868, 864 (10th _____________ ______ Cir.), cert. denied, 502 U.S. 962 (1991). A constructive ____ ______ amendment violates both a defendant's fifth amendment right to be tried only on the charge made by the grand jury and his sixth amendment right to be informed of the charges against him. United States v. Kelly, 722 F.2d 873, 876 (1st Cir. ______________ _____ 1983), cert. denied, 465 U.S. 1070 (1984).  ____ ______ -3- Appellant was indicted for illegal reentry after having been deported. He was convicted of the attempt to reenter after having been deported. As appellant concedes, the latter is a lesser included offense of the former. See ___ United States v. Anderson, 987 F.2d 251, 254 (9th Cir.), ______________ ________ cert. denied, 114 S.Ct. 157 (1993). By indicting appellant ____ ______ for illegal reentry, the grand jury then necessarily charged all the elements of the offense for attempted reentry as well. Since the different proof at trial did not add to the elements of the offense charged, appellant was not convicted of a crime not charged in the indictment. Nor can he reasonably have been unaware of the nature of the accusation against him. See United States v. Arcadipane, 41 F.3d 1, 6 ___ ______________ __________ (1st Cir. 1994) (no material prejudice as long as the indictment gives defendant notice of the events charged and the proof at trial centers on the same events). Appellant also claims the court erred by not instructing the jury to consider whether he attempted to reenter the country only after the jury had considered whether he had in fact reentered the country as charged in the indictment. Appellant did not object to the charge given. Therefore, our review is limited to plain error. United States v. Andujar, _____________ _______ 49 F.3d 16, 22 (1st Cir. 1995).  Since the evidence presented at trial did not support a finding that appellant reentered the country illegally, the -4- court committed no error, much less plain error, in failing to give the requested instruction. Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -5-