Barnett v. Corrections              CV-98-305-JD  04/26/00

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Harry D. Barnett

     v.                               Civil No. 98-305-JD
                                      Opinion No. 2000 DNH 101
Commissioner, New Hampshire
Department of Corrections, et al.


                             O R D E R


     The plaintiff, Harry D. Barnett, is an inmate at the New

Hampshire State Prison in Concord, New Hampshire.  Barnett

brought suit against numerous prison officials for violations of

his constitutional rights under 42 U.S.C.A. § 1983.  He moves for

partial summary judgment on count one of his complaint (document

no. 58), and the defendants object.  Also before the court are

Barnett's four motions to strike (document nos. 64, 65, 74, 75).


                         Standard of Review

     Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The record evidence is taken in the light most favorable

to the nonmoving party.  See Zambrana-Marrero v. Suarez-Cruz, 172

F.3d 122, 125 (1st Cir. 1999). All reasonable inferences are drawn, and all credibility issues are resolved, in favor of the nonmoving party. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999).

If the moving party will bear the burden of proof at trial, summary judgment is appropriate only if "(1) the moving party initially produces enough supportive evidence to entitle the movant to judgment as a matter of law (i.e., no reasonable jury could find otherwise even when construing the evidence in the light most favorable to the non-movant), and (2) the non-movant fails to produce sufficient responsive evidence to raise a genuine dispute as to any material fact." Murphy v. Franklin Pierce Law Ctr., 882 F. Supp. 1176, 1180 (D.N.H. 1994) (citing Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993)). "[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party and a 'material' fact is one that might affect the outcome of the suit under governing law." Fajardo Shopping Ctr. v. Sun Alliance Ins. Co., 167 F.3d 1, 7 (1st Cir. 1999). Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Background[1]

Barnett has been an inmate at the New Hampshire State Prison ("NHSP") since July of 1997. After some negotiations with NHSP officials, Barnett was placed on a kosher diet in November of 1997. Barnett observes the religion of Orthodox Judaism.[2]

In February of 1998, Barnett purchased non-kosher food from the NHSP canteen. This purchase violated prison rules, which preclude inmates on religious diets from purchasing inappropriate food at the prison canteen. The consequence of such an infraction is to remove the inmate from the religious diet, regardless of whether or not the inmate consumed the non-kosher food.[3]

---

[1]As required by the standard for evaluating a motion for summary judgment, the court considers the facts presented in the light most favorable to the defendants, and draws all reasonable inferences in their favor. See Barreto-Rivera, 168 F.3d at 45.

With regard to Barnett's motions to strike and the defendants' objections, the court is mindful of the requirements of Fed. R. Civ. P. 56(e) and considers only that evidence in the record which has been presented in conformity with the rule. Therefore, it is unnecessary to grant Barnett's motions to strike.

[2]NHSP does not contest that Barnett currently observes Orthodox Judaism. However, NHSP maintains that it did question the sincerity of Barnett's faith during the time frame relevant to this lawsuit.

[3]The defendants have failed to provide the court with a complete copy of the prison directive that contains this policy.

NHSP policy requires an inmate to consult with the prison chaplain before being placed on a religious diet. The chaplain generally informs the inmate of the rules pertaining to restricted diets. The chaplain also provides the inmate with a written form which explains that the inmate may not purchase inappropriate food. The parties dispute whether this procedure was followed with Barnett when he was first put on a kosher diet. For the purpose of deciding this motion, the court infers that Barnett was aware of the prohibition against buying non-kosher food when he broke the rule.

NHSP reinstated Barnett's kosher diet in October of 1999.

## Discussion

By arguing that NHSP wrongfully removed him from a kosher diet when he purchased non-kosher food, Barnett has stated a claim that NHSP violated his constitutional right to freely exercise his religion. See U.S. Const. amend. I. "In a claim arising under the First Amendment's Free Exercise Clause, an inmate must first establish that a challenged policy restricts the inmate's free exercise of a sincerely held religious belief." Brown-El v. Harris, 26 F.3d 68, 69 (8th Cir. 1994). The court finds Brown-El persuasive. In that case, the Eighth Circuit held

However, the affidavit of Warden Michael Cunningham presents evidence of this policy's existence.

4

that a Muslim inmate's right to exercise his religion was not restricted when he was removed from the list of inmates fasting during Ramadan after he broke the fast. The court reasoned that by voluntarily breaking the fast, the inmate "placed himself outside the group of worshippers accommodated" by the procedures for fasting. Id. at 70. Therefore, the inmate curtailed his own exercise of religious freedom by demonstrating a lack of sincerity in his beliefs. See also McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987) ("It is appropriate to deny a special diet if an inmate is not sincere in his religious beliefs.")

Similarly, Barnett voluntarily purchased non-kosher food in violation of NHSP policy. By doing so, Barnett removed himself from the class of inmates entitled to exercise Orthodox Judaism because he did not exhibit a sincerely held religious belief. While Barnett claims that he violated no rule of Orthodox Judaism by purchasing non-kosher food without consuming it, he has not pointed to evidence supporting this claim. See Brown-El, 26 F.3d at 69-70 (noting inmate did not provide evidence showing religious exception excused his breaking fast). Therefore, Barnett has failed to meet his burden for summary judgment, because a reasonable jury could find that by his actions, Barnett put himself outside the class of inmates who merited constitutional protection, i.e., the inmates who held sincere religious beliefs. See id. at 70. Furthermore, NHSP has raised

5

a genuine issue as to whether it reasonably doubted the sincerity of Barnett's religious beliefs.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for partial summary judgment is denied (document no. 58). The plaintiff's motion for hearing (document no. 59) is denied. The plaintiff's four motions to strike (document nos. 64, 65, 74, 75) are denied. The plaintiff's motion to clarify status of his motion for partial summary judgment (document no. 104) is denied.

SO ORDERED.

                                    _____
                                    Joseph A. DiClerico, Jr.
                                    District Judge

April 26, 2000

cc:  Harry D. Barnett, pro se
      Mary E. Schwarzer, Esquire