**UNITED STATES of America,
Appellee,**

v.

**Wilson RAMIREZ–JOSE, Defendant,
Appellant.**

**Nos. 01–1839, 02–1379.**

United States Court of Appeals,
First Circuit.

April 12, 2004.

Juan F. Matos de Juan, Assistant Federal Public Defender, with whom Joseph C. Laws, Jr., Federal Defender, was on brief, for appellant.

Nelson Pérez–Sosa, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, and Sonia I. Torres–Pabón, Assistant United States Attorney, were on brief, for appellee.

Before LYNCH, LIPEZ and HOWARD, Circuit Judges.

PER CURIAM.

Wilson Ramirez–Jose was ordered removed from the United States on March 19, 2000; reentered the country in June 2000; was discovered and apprehended in Puerto Rico on September 20, 2000; and was subsequently indicted under 8 U.S.C. § 1326(a). Section 1326(a) bars an alien who has been removed from the United States from entering, attempting to enter, or being found in the United States

> unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act.

For some reason, the grand jury that indicted Ramirez–Jose was under the impression that he had reentered the United States not in June 2000, but "on or about September 20, 2000," which was the day of his arrest. Perhaps this is why the grand jury indicted him for illegal reentry following removal and not for being "found in" the United States following removal, which is a separate criminal offense. *See United States v. Rodriguez*, 26 F.3d 4, 7–8 (1st Cir.1994) (concluding that § 1326(a) describes three separate offenses: unlawfully entering, attempting to enter, and being found in the United States).

Seizing on the fact that the circumstances of his apprehension would seem to

constitute a paradigmatic example of the crime of being unlawfully found in the United States following removal, Ramirez–Jose says that his conviction for the separate crime of unlawful entry must be reversed on sufficiency and/or constructive amendment grounds. His arguments are without merit. Taking his latter argument first, we think it sufficient to say that there was no constructive amendment because the jury was instructed and convicted on the same charge that was leveled in the indictment: unlawfully entering the country following removal. *See, e.g., United States v. Soto–Beniquez,* 356 F.3d 1, 27 (1st Cir.2003) ("A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has last passed upon them.") (citation and internal quotation marks omitted), *petition for cert. filed,* No. 03–8946 (U.S. Feb. 12, 2004). True, the date of Ramirez–Jose's entry was misstated in the indictment, but Ramirez–Jose has not explained how this variance affected his substantial rights. *See id.* (explaining that a variance must be prejudicial to warrant reversal of a conviction).

■ That leaves Ramirez–Jose's contention that the evidence was insufficient to support his unlawful entry conviction. Ramirez–Jose's argument rests entirely on the premise that each of the three crimes described in § 1326(a) "is exclusive of the other since they require different underlying factual elements," Appellant's Br. at 7, and is supported only by summaries of cases holding that § 1326(a) describes three different offenses, *see, e.g., Rodriguez,* 26 F.3d at 7–8, and a since—limited Eleventh Circuit case holding that an alien is not "found in" the United States when he enters the country through a recognized immigration point of entry and is immediately apprehended, *see United States v. Canals–Jimenez,* 943 F.2d 1284, 1286–89 (11th Cir.1991). Ramirez–Jose's premise is faulty. As a matter of logic, there is no reason why one who has been found in the country unlawfully following removal cannot also be deemed, within the meaning of § 1326(a), to have entered the country unlawfully following removal. And in this case, Ramirez–Jose has presented us with no developed argument that there was insufficient evidence that his June 2000 entry into the United States—an occurrence Ramirez–Jose freely admitted to the Immigration and Naturalization Service and does not now dispute—should not constitute an entry within the meaning of the statute.[1]

In reaching this conclusion, we acknowledge that there are circumstances where an alien can be convicted of violating § 1326(a)'s "found in" provision without having unlawfully entered the country within the meaning of the statute. *See, e.g. United States v. Pina–Jaime,* 332 F.3d 609, 612–13 (9th Cir.2003) (alien who was paroled into the country for a specified term violated § 1326(a)'s "found in" provision when he voluntarily chose to remain in the country after the term of his parole had terminated). We also acknowledge that there are cases that have attached a specialized meaning to the statutory term "enters." *See, e.g. United States v. Pacheco–Medina,* 212 F.3d 1162, 1163–66 (9th Cir.2000) ("entry" within the meaning of § 1326(a) requires that an alien be at all times free from official restraint). In fact, as we observed in *Rodriguez,* Congress

---

1. Even if Ramirez–Jose's appellate brief were regarded as having sufficiently developed such an argument, we note that (1) there was no objection to the manner in which the jury was instructed on this point, and (2) there was no plain error within the meaning of *United States v. Olano,* 507 U.S. 725, 731–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

appears to have contemplated that, under § 1326(a), the crimes of unlawful entry and attempted entry would be charged when an alien is apprehended while entering or attempting to enter under regular immigration procedures, and the crime of being found in the country would be charged when an alien is apprehended after having surreptitiously entered the country. *See* 26 F.3d at 8. But we will not consider whether "entry" under § 1326(a) must *always* be through a recognized immigration port of entry without developed argument to that effect. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990).

*Affirmed.*