UNITED STATES of America, Appellee,

v.

Gary GARAFANO, Defendant, Appellant.

No. 93–2379.

United States Court of Appeals,
First Circuit.

Heard Sept. 8, 1994.

Decided Sept. 23, 1994.

John A. MacFadyen, Providence, RI, for appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Sheldon Whitehouse, U.S. Atty., and Craig N. Moore, Asst. U.S. Atty., Providence, RI, was on brief, for U.S.

Before BOUDIN, Circuit Judge,
ALDRICH, Senior Circuit Judge, and
YOUNG,* District Judge.

BOUDIN, Circuit Judge.

In December 1992 a grand jury indicted Gary Garafano on one count of extortion under color of official right under the Hobbs Act, 18 U.S.C. § 1951. The gist of the charge was that from spring 1989 to December 1990, Garafano, then an official in the Providence, Rhode Island, Department of Public Works, had extorted payments from a road paving firm doing work for the city, Forte Brothers Construction Corporation ("Forte Brothers").

At a first trial in June 1993 the jury deadlocked. A second trial was conducted in the fall. At trial, the government offered testimony of James Forte, vice president of Forte Brothers, that during 1988 and 1989 the firm was engaged in road repair work for the city. In or about March 1989, said Forte, he met with Garafano and agreed to the latter's demand for $8,000, without which Garafano threatened to cease authorizing work to be performed by Forte Brothers. Forte also testified that he gave the money to Steven Tocco, the firm's supervisor for the road repair work, to deliver to Garafano.

Tocco testified that he delivered the money to Garafano. Tocco also testified that in response to further demands from Garafano, Tocco made somewhere between 12 and 20 additional payments to Garafano between April 1989 and December 1990, and that the total amount of the payments to Garafano was around $100,000. Much of the money came from inflated billings by Forte Broth-

* Of the District of Massachusetts, sitting by desig-   nation.

ers on individual road repair and other projects for the city. According to prosecution testimony, Garafano authorized various of these projects and expedited payments.

Garafano himself testified and denied demanding or receiving any money from Forte Brothers. Various of Garafano's subsidiary statements were contradicted by the director of his city department but the director had no direct knowledge of whether Garafano had received bribes. On October 4, 1993, the jury in the second trial found Garafano guilty. The verdict was a general verdict on the single count charged and provided no indication of which episodes the jury found to have occurred.

On December 14, 1993, the trial judge held a sentencing hearing. At the hearing defense counsel took the position that only the first payment of $8,000 in March 1989 had been adequately supported by evidence and that Tocco's testimony as to further payments was not credible. It was apparently the defense position that after the first incident Tocco himself had been stealing from the firm and claiming falsely that the payments had been made to Garafano. This contention was pertinent to sentencing in several respects.

The presentence report had proposed that Garafano be sentenced under the November 1993 version of the Sentencing Guidelines which was in effect at the time of sentencing. The report recommended that the court fix the base offense level at 10, as provided by U.S.S.G. § 2C1.1(a), and that it add two levels as a specific offense adjustment because the offense involved more than one bribe or extortion. *Id.* § 2C1.1(b)(1). In addition, the report recommended a further six-level adjustment based on the amount of the payment received by Garafano; the guidelines provide a table fixing such an adjustment at six levels where the amount is greater than $70,000. *Id.* §§ 2C1.1(b)(2)(A), 2F1.1(b)(1)(G). A payment of $8,000 would have added only two levels. *Id.*

Prior to November 1989, the guidelines did not include the two-point adjustment for multiple bribes. Garafano's counsel objected that without the additional payments allegedly made through Tocco, the extortionate conduct would have ceased prior to the effectiveness of that guideline amendment. Counsel argued that if the conduct did cease before the amendment, then *ex post facto* concerns required that the two points not be included. Our decisions confirm that where a guideline amendment increases the sentence after the offense, the guidelines in effect at the time of the offense should be used. *See e.g., United States v. Rodriguez,* 26 F.3d 4, 7–8 (1st Cir. 1994).

More important, if Tocco's testimony were disregarded, then the total amount gained by the extortionate conduct would be only $8,000. This would eliminate not only the two-point adjustment for multiple bribes (since there would be no second bribe proved) but also the proposed six-point adjustment based on "the loss or gain table". Of course, Forte's testimony alone, not challenged at the sentencing hearing, established that Garafano had solicited a bribe in the amount of $8,000, whether or not Tocco delivered the money; but a single $8,000 bribe would have reduced the guideline range.

At the sentencing hearing defense counsel asked the court to find that the 1989 version of the guidelines applied, asserting that the jury may have based its verdict only on the first $8,000 bribe, which counsel described as "the only corroborated event" that the government had proved to the jury. The court replied, "how can you ask me to dissect what a jury has done?" Counsel responded that "[t]he guidelines allow you exactly that power. . . ." Pressed as to why the court should disbelieve Tocco, defense counsel offered an example of an asserted contradiction between the testimony of Tocco and other government witnesses.

The prosecutor replied that Tocco's testimony had been corroborated, and then added: "I don't think the Court has the discretion to piecemeal the jury's verdict in this case." The court replied: "I quite agree with you," adding (to defense counsel) that "the reasons [the prosecutor] stated are ample in and of themselves." The court went on to say that it agreed that "the facts of the case reflect" that the offense occurred between April 1989 and December 1990 and

showed the receipt of between 12 and 20 payments. Accordingly the court rejected the *ex post facto* claim.

Defense counsel then went on to argue at even greater length that Tocco should not be believed. This time the argument was to support counsel's claim that, in applying the loss or gain table, the court should treat as proved only the first $8,000. The court listened courteously to the argument and then rejected it, saying that "there was substantial evidence ... [that] could convince a jury beyond a reasonable doubt." Defense counsel then said that the jury could have convicted solely on the basis of the $8,000 bribe. The court replied: "I'm not going to dissect this jury's verdict."

After other largely unrelated discussion, the court heard final statements from defense counsel and Garafano. It then summed up:

> We have a base offense level of 10 in this case, and since there was more than one bribe, two points have to be added. And since the amount involved approximately $100,000.00, that's an additional six points, which gives a total adjusted level of 18. He has a criminal history category of one, which means the sentencing range is from 27 to 33 months.

Concluding that Garafano had been motivated by "sheer greed and nothing else," the court imposed a sentence of 31 months imprisonment and a $6,000 fine, together with an order requiring Garafano to make restitution of $100,000 to the city. This appeal followed.

The only issue on appeal is the defense claim that the district court erred because it allegedly refused to make an independent assessment of the Tocco testimony and make its own finding as to whether bribes of approximately $100,000 had been paid during a period extending to December 1990. The government agrees that an independent determination was required but says that the district court made such an assessment. We agree with the government that the district court probably did make an independent assessment but to remove the shadow of uncertainty, we have decided to remand.

The uncertainty is apparent from our recitation of the facts. Normally the trial court makes its own assessment of the facts that pertain to sentencing, drawing on trial evidence, the presentence report, any evidence offered at the hearing, and other appropriate sources. *See United States v. Tavano*, 12 F.3d 301, 306–07 (1st Cir.1993). Indeed, we have held that a judge may attribute conduct to a defendant for "relevant conduct" purposes even where a jury has declined to convict on counts pertaining to such conduct. *United States v. Carrozza*, 4 F.3d 70, 80 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1644, 128 L.Ed.2d 365 (1994); *United States v. Mocciola*, 891 F.2d 13, 16–17 (1st Cir.1989).

Whether the trial court could ever be bound at sentencing by the jury's determination against a defendant (*e.g.,* through collateral estoppel) is an interesting issue but is irrelevant here: the government agrees that the jury could in theory have convicted solely on the evidence pertaining to the first $8,000 bribe solicitation; and since the jury delivered a general verdict there is no way to tell what it actually found as to the number of bribes. In sum, even if a jury verdict *against* the defendant on a fact issue could ever constrain the sentencing judge, but *cf. Tavano*, 12 F.3d at 305, 307, this jury verdict could not resolve the amount and timing issues faced at sentencing.

We have read the sentencing transcript in full and are inclined to think that the trial judge, an experienced and respected jurist, fully understood that he could and should decide himself when the offense ended and how much was paid. Further, his statement quoted above ("the facts of the case reflect ...") is reasonably clear evidence that he did resolve those issues against Garafano and was not relying upon the jury verdict or any misinterpretation of it. Nor does Garafano argue on appeal that the evidence at trial was insufficient to support findings at sentencing that the bribes continued to December 1990 and equaled about $100,000.

If this were all, we would affirm without a moment's hesitation. But we agree with Garafano that the record is at least blurred by the agreement of the trial judge and the

prosecutor that the jury verdict could not be dissected. Quite likely both meant only that peering into the verdict was infeasible and served no purpose; but abstractly the prosecutor's words could be taken as an argument that the jury had resolved the issue of timing and amount against Garafano and that this decision was binding.

The prosecutor's statement—"I don't think the Court has the discretion to piecemeal the jury's verdict in this case"—happens to *sound* like a refutation of defense counsel's earlier argument to the court that "[y]ou [the court] have the ability, the discretion in sentencing" to determine the amount and timing of the loss. As government counsel properly says on appeal, the prosecutor's statement was an "unfortunate" choice of words. The district judge then followed the prosecutor's statement by saying, "I quite agree with you" and telling defense counsel that the prosecutor's reasons were "ample" basis for rejecting the defense position.

In saying that these colloquies leave a measure of uncertainty, we do not intend the slightest criticism of either the court or counsel. Court colloquies are not scripted events like television commercials or public speeches. Lawyers are usually trying to advance and explain conflicting positions, and the judge is seeking to resolve on the spot often arcane issues and tangled factual disputes. In this case, it is quite likely that there was no misunderstanding whatever.

Still, the difference between a total offense level of 18, with a range of 27 to 33 months, and a total level of 12, with a range of 10 to 16 months, is substantial; and the latter's *maximum* 16 months is just about half of the sentence actually imposed. It takes very little effort to resolve the uncertainty. Defense counsel suggested at oral argument a remand for an entirely new sentencing hearing; the government said that if any remedy were needed, this court could retain jurisdiction and simply ask the district court to clarify the record. We have in mind a third course.

We propose to vacate the existing sentence and remand the matter to the district court for resentencing. The district court has already given Garafano a chance to argue his evidentiary position in full and no request was made by defense counsel to offer new evidence; if the district court did (at the earlier hearing)—or did not then but now does—find (independently of the jury verdict) that bribes continued until December 1990 and were around $100,000, the court is free to say so summarily and to reimpose the same sentence. No additional proceedings, or further explanation or findings, are required. *See United States v. Savoie,* 985 F.2d 612, 620–21 (1st Cir.1993).

Conversely, the district court is free to order any further proceedings it deems appropriate before imposing sentence. It may do so if there was an actual misunderstanding at the original sentencing as to the district court's authority, or merely because the court thinks that this would be useful to it. But if the court does change the factual premise on which it sentences Garafano—and thereby alters the guideline range available—we think that it would be within the spirit of the rules to provide counsel and the defendant an opportunity to allocute again.

The sentence, but not the conviction, is *vacated* and the case *remanded* for resentencing in accordance with this opinion.