USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1127 UNITED STATES OF AMERICA, Appellee, v. GARY GARAFANO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ John A. MacFadyen for appellant. _________________ Margaret E. Curran, Assistant United States Attorney, with whom ___________________ Sheldon Whitehouse, United States Attorney, and Craig N. Moore, ___________________ ________________ Assistant United States Attorney, were on brief for the United States. ____________________ August 7, 1995 ____________________ BOUDIN, Circuit Judge. In 1993, Gary Garafano was tried _____________ under a single-count indictment, under the Hobbs Act, 18 U.S.C. 1951, for extortion under color of official right. The substance of the charge was that Garafano had extorted money from Forte Brothers, a construction firm with city contracts, threatening otherwise to cease authorizing construction work performed by the firm for the city. Garafano was at that time an official of the Providence, Rhode Island, Department of Public Works. At trial, James Forte, the firm's vice president, testified that Garafano had initially demanded $8,000 and that he (Forte) gave the $8,000 to Steven Tocco, a supervisor in his firm, for delivery to Garafano. Tocco testified that he delivered the $8,000 to Garafano, that he made additional payments to Garafano (for a total of $100,000), and that Forte Brothers inflated its billings to the city to cover the payments. Garafano denied receiving any payments from Forte Brothers. The jury convicted him on a general verdict that did not indicate whether the jury had found multiple payments or only a single one. Whether there was one payment or multiple payments affected the sentencing guideline range, see United States v. ___ _____________ Garafano, 36 F.3d 133, 134 (1st Cir. 1994), and this was the ________ principal subject of controversy at the original sentencing hearing. There, defense counsel took the position that only -2- -2- the initial $8,000 payment was supported by adequate evidence and that Tocco's testimony as to further payments was an attempt to conceal his own pocketing of the money. The prosecutor replied that the court lacked "discretion to piecemeal the jury's verdict in this case." The district judge concluded that Garafano should be sentenced on the premise that Garafano had engaged in multiple extortions amounting to $100,000, and the court sentenced Garafano accordingly. However, the judge made one or two remarks that suggested that he might be agreeing with _____ the prosecutor's apparent suggestion that a challenge to Tocco's trial testimony was effectively a collateral attack on the jury's verdict. Garafano appealed from his sentence, claiming that the district court had refused to make an independent assessment of the Tocco testimony. On the appeal, the government conceded the jury verdict did not resolve the question of whether there had been one bribe or multiple bribes, but it asserted that the district judge had made an independent assessment. We agreed that this was likely but "to remove the shadow of uncertainty" we determined to remand, pointing out that the potential impact on the sentence was significant and that it would take very little effort to resolve the uncertainty. Garafano, 36 F.3d ________ at 135-36. We declined the government's suggestion that we retain jurisdiction and also declined defense counsel's -3- -3- alternative request for an entirely new sentencing hearing. Instead, we said the following (36 F.3d at 136): We propose to vacate the existing sentence and remand the matter to the district court for resentencing. The district court has already given Garafano a chance to argue his evidentiary position in full and no request was made by defense counsel to offer new evidence; if the district court did (at the earlier hearing) or did not then but now does find (independently of the jury verdict) that bribes continued until December 1990 and were around $100,000, the court is free to say so summarily and to reimpose the same sentence. No additional proceedings, or further explanation or findings, are required. See United States v. ___ ______________ Savoie, 985 F.2d 612, 620-21 (1st Cir. 1993). ______ Conversely, the district court is free to order any further proceedings it deems appropriate before imposing sentence. It may do so if there was an actual misunderstanding at the original sentencing as to the district court's authority, or merely because the court thinks that this would be useful to it. But if the court does change the factual premise on which it sentences Garafano and thereby alters the guideline range available we think that it would be within the spirit of the rules to provide counsel and the defendant an opportunity to allocute again.  On remand, the district court invited both sides to provide written submissions detailing the support for their respective positions. Defense counsel argued that there was not enough reliable evidence to support findings of multiple bribes in excess of $8,000, and also submitted an affidavit from Anthony Stanzione, a city engineer during Garafano's service with the Public Works Department. Stanzione said that he oversaw daily work on the job sites and approved the bills and said that the Forte Brothers' invoices did not, to -4- -4- the best of Stanzione's knowledge, reflect inflated bills. He also made other statements that in certain respects supported Garafano's testimony at trial. Garafano's counsel requested an evidentiary hearing, which the prosecutor opposed. After further written exchanges, the district court held a new sentencing hearing on December 13, 1994. At the conclusion, the district judge said: "There is no doubt in my mind that at the earlier hearing I independently found that bribes continued until December 1990 and were around one hundred thousand dollars." As to the request for an evidentiary hearing, the district judge said that "the testimony as a whole supports Tocco and I see nothing in Stanzione's affidavit that steers me in another direction." Accordingly, the district court reimposed the original sentence. Garafano has now appealed again. On this appeal, Garafano's main argument is that the district court abused its discretion when it declined to hear Stanzione testify. The government says, correctly, that this court's mandate was fully satisfied by the district court. The instructions on remand explicitly permitted the district court to determine that it "did (at the earlier hearing) . . . find (independently of the jury verdict) that bribes continued -5- -5- until December 1990 and were around $100,000 . . . ." 36 F.3d at 136. We said that, in that event, the district court could say so summarily, provide no additional proceedings or further explanations or findings, and reimpose the same sentence. Id. This is just what the district judge did. ___ Although the district court invited the parties to restate their positions, and the court reviewed again the presentence report and associated notes, it did so as part of the effort to assure itself that it had at the original sentencing "made the requisite evaluation independent of the jury verdict . . . ." The result would not change if we viewed the matter independently of the mandate. The right to present live testimony at sentencing is not automatic and is reviewed only for abuse of discretion. See United States v. Gerante, 891 ___ _____________ _______ F.2d 364, 367 (1st Cir. 1989). It is fairly common for district courts to consider affidavits, proffers and far less formal sources of information at sentencing, especially where--as here--the sentencing judge presided over a trial that involved the same issues presented at sentencing.  In this instance, we read the district court's ruling as a determination by the district judge that, even if Stanzione had testified to the substance of what was contained in his affidavit, the district court would still have accepted -6- -6- Tocco's version of events. There is no claim by Garafano-- and if there were, we would reject it--that the district judge was rationally obligated to accept Stanzione's version of events. Indeed, at least some of Stanzione's assertions could have been accepted without disproving Tocco's testimony. Defense counsel says that where credibility is important, the judge needs to listen to the witness testify in his own words in open court; and counsel added at oral argument that there were bound to be helpful details in the testimony not captured in the proffer. There are possibilities that would have greater or lesser force depending on the facts, and we think that no absolute rule can be fashioned. It is enough to say here that these considerations are part of the calculus and that the determination not to hear live testimony here was not an abuse of discretion. After all, the district court had heard all of the live evidence on multiple payments that either side sought to present at trial. When the belated proffer of Stanzione's testimony was made, the district judge had only one more piece to fit into a puzzle with which the judge was already familiar. On the facts before us, we think the district court made a legitimate practical judgment that converting -7- -7- the proffer into live testimony would not materially improve the court's ability to make this judgment. Finally, Garafano suggests that, in violation of Fed. R. Crim. P. 32(c)(3)(C), he was improperly denied an opportunity for allocution at his second sentencing hearing. The suggestion is without merit. This court said in its mandate that an opportunity to allocute again should be afforded "if the [district] court does change the factual premise on which it sentences Garafano" and "thereby alters the guideline range available." 36 F.3d at 136. The district court did not change either the factual predicate (multiple bribes amounting to $100,000) or the guideline range. At oral argument, counsel for Garafano suggested that, assuming that the mandate was complied with by the district court, this court lacked authority to fashion such a limited remand; put differently, the suggestion is that this court by vacating the original sentence automatically entitled Garafano to start from ground zero, as if the original sentencing hearing had not occurred. We flatly reject this kind of legal formalism that sacrifices substance in favor of ritual. Federal appellate courts, including the courts of appeals as well as the Supreme Court, have been granted broad authority under 28 U.S.C. 2106 to affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully -8- -8- brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances. One effect of this long-established formula is to allow appellate courts the flexibility to adapt their mandates to the particular problem discerned on appeal and to provide an efficient and sensible solution. This provision authorizes just the kind of "middle way" that this court adopted when it rejected the government's request that we pose only a single question to the district court and Garafano's alternative request that the district court be required to start afresh.  The reason why we followed the middle course is apparent. An entirely new sentencing hearing was unnecessary if, as we suspected was the case, the district court had at the original sentencing made an independent finding of multiple bribes. On the other hand, if (contrary to our expectation) the district judge said that he had relied simply on the jury verdict, then some further proceedings would be necessary, and we wanted the district court to have that authority without having to report back to this court and obtain a new mandate. Accordingly, our limited remand _______ embraced both possibilities. Of course, we would not frame a remand order that did violence to the substance of Rule 32(c)(3)(C). That rule is designed to give the defendant an opportunity "to make a -9- -9- statement and present any information in mitigation of the sentence." Garafano and his counsel had this opportunity in full at the first hearing. There is nothing in the rule or its rationale that requires a defendant to be given a second opportunity if all else remains unchanged. In this case, all else did remain unchanged once the district court reaffirmed its original finding of multiple bribes, a $100,000 total, and the original guideline range. The defendant had no more right under these circumstances to a new allocution than to a new presentence report. Defense counsel's suggestion that Stanzione's proffer was something on which to base a new allocution, after the proffer was effectively rejected by the district judge, is not a serious argument. Affirmed. ________ -10- -10-