USCA1 Opinion

 

 October 19, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1258  UNITED STATES, Appellee, v. RAMON HERNANDEZ COPLIN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Benicio Sanchez Rivera, Federal Public Defender, and Laura _________________________ _____ Maldonado Rodriguez, Assistant Federal Public Defender, on brief for ___________________ appellant. Guillermo Gil, United States Attorney, Edwin O. Vazquez and ______________ __________________ Nelson Perez-Sosa, Assistant United States Attorneys, on brief for __________________ appellee. ____________________ ____________________ Per Curiam. We reject appellant's arguments ____________ essentially for the reasons explained in United States v. ______________ Garafano, 61 F.3d 113, 116-17 (1st Cir. 1995). In remanding ________ for "resentencing on the premise that the point of departure is a combined offense level of 13," United States v. ______________ Hernandez-Coplin, 24 F.3d 312, 320 (1st Cir.), cert. denied, ________________ ____________ 115 S. Ct. 378 (1994), we permitted the district court to forego holding a new sentencing hearing, for we stated that "[r]esentencing in this instance requires no additional evidence and is only a small administrative burden." Id. at ___ 320. We see no unfairness or violation of appellant's constitutional rights in our approach. Appellant had a full opportunity to present mitigating evidence and arguments when he was initially sentenced. The technical nature of our remand did not change the nature of the information relevant to sentencing or warrant affording defendant a second opportunity to repeat, or enlarge upon, what he had earlier presented. Affirmed. Loc. R. 27.1. ________ -2-