**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Federico GARCIA–OLMEDO,
Defendant–Appellant.**

No. 96–10195.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 1997.*

Decided April 22, 1997.

Frederic J. Dardis and Michael J. Moran, Dardis & Hippert, Tucson, AZ, for defendant-appellant.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

John P. Leader, Assistant United States Attorney, Tucson, AZ, for plaintiff-appellee.

Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, KELLEHER,** District Judge.

O'SCANNLAIN, Circuit Judge.

We must decide whether successive marijuana possession convictions constitute an aggravated felony within the meaning of the criminal provisions of the Immigration and Nationality Act.

I

Federico Garcia–Olmedo, a native and citizen of Mexico, appeals his conviction by guilty plea for illegal reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). Garcia–Olmedo (aka Luis Torres–Salas) was convicted of solicitation to possess cocaine on November 2, 1989 in Pima County (Arizona). He was convicted of simple possession of four marijuana cigarettes on October 17, 1990 in Maricopa County (Arizona) and sentenced to nine months custody. He was convicted of simple possession of five grams of marijuana on July 10, 1991 in U.S. District Court (Arizona) and sentenced to six months custody and twelve months supervised release. On at least two occasions, Garcia–Olmedo has been deported from the United States to Mexico: January 30, 1992 and June 15, 1994.

On February 19, 1995, Garcia–Olmedo was apprehended reentering the United States without obtaining express permission from the Attorney General to reapply for admission. He was charged with illegal reentry after deportation subsequent to a felony conviction, pursuant to 8 U.S.C. § 1326(a) and (b)(1). A federal grand jury issued a superseding indictment charging him with illegally reentering after deportation subsequent to an aggravated felony conviction, pursuant to 8 U.S.C. § 1326(a) and (b)(2).[1] Garcia–Olmedo conditionally pled guilty to the superseding indictment, preserving his right to appeal the aggravated felony determination. Based on a final offense level of 21 and a criminal history category of VI, the district court sentenced Garcia–Olmedo to 77 months, the low-end of the sentencing range, and imposed a three-year term of supervised release and a $50 special assessment.

II

Garcia–Olmedo first argues that the district court erred by concluding that under 8 U.S.C. § 1101(a)(43) and 18 U.S.C. § 924(c)(2) his two prior convictions for possession of marijuana constituted an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). The term "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43), includes "any drug trafficking crime as defined in section 924(c)(2) of Title 18." *See also* United States Sentencing Commission, *Guidelines Manual*, § 2L1.2, comment. (n. 7) (Nov. 1995). Section 924(c)(2) of Title 18 in turn defines "drug trafficking crime" broadly to include "any felony *punishable* under the Controlled Substances Act." (emphasis added).

In order for Garcia–Olmedo's marijuana possession convictions to meet the definition of an aggravated felony, the offense must be (a) punishable under the Controlled Substances Act and (b) qualify as a felony. First, § 844(a) of the Controlled Substances Act states that a second conviction for possession of narcotics is punishable as a felony. Section 844(a) reads as follows:

§ 844. Penalty for simple possession

(a) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person who violates this subsection may be sentenced

** The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

1. The Act states that a deported person convicted of reentering the United States "whose deportation is subsequent to a conviction of an aggravated felony" is subject to fines and/or imprisonment for up to 20 years. 8 U.S.C § 1326(b)(2).

to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug or narcotic offense chargeable under the law of any State has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years....

Second, a felony is defined under the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Under 18 U.S.C. § 3559(a), an offense is a felony if the maximum term of imprisonment authorized for the offense is "more than one year." The maximum penalty under 21 U.S.C. § 844(a) for simple possession with a prior conviction is two years. Because Garcia–Olmedo had one prior conviction,[2] the literal application of §§ 844(a) and 3559(a) render the 1990 and 1991 possession convictions felonies.

Having satisfied the two prerequisites, Garcia–Olmedo's 1990 and 1991 convictions meet the definition of an "aggravated felony" under 8 U.S.C. § 1101(a)(43).[3] *See, e.g., Amaral v. INS,* 977 F.2d 33, 36 (1st Cir.1992) (holding that a state drug possession conviction following a previous state drug posses-

sion conviction constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)); *United States v. Forbes,* 16 F.3d 1294 (1st Cir.1994) (same); *United States v. Rodriguez,* 26 F.3d 4 (1st Cir.1994) (same); *Jenkins v. INS,* 32 F.3d 11, 14 (2d Cir.1994) (same).[4]

## III

 Garcia–Olmedo next argues that his conviction is not punishable as an aggravated felony because it did not satisfy the notice requirements under 21 U.S.C. § 851. We disagree. First, Section 851 applies only to the enhancement of sentences for Title 21 offenses. *See* 21 U.S.C. § 851(a)(1) ("No person who stands convicted of an offense *under this part* shall be sentenced to increased punishment ....") (emphasis added). Because Garcia–Olmedo appeals a conviction under 8 U.S.C. § 1326(b)(2), which is not a Title 21 offense, his argument is inapplicable on these facts. Second, an aggravated felony conviction does not create a sentencing enhancement in this court. *See United States v. Andrino-Carillo,* 63 F.3d 922, 923 n. 1 (9th Cir.1995) ("In this circuit, an aggravated felony conviction is a necessary element of an offense charged under 8 U.S.C. § 1326(b)(2). All other circuits, however, have held subsection b(2) to be a sentence enhancement provision.") (internal citations omitted).

**2.** Contrary to Garcia–Olmedo's argument, *United States v. Lomas,* 30 F.3d 1191, 1194 n. 2 (9th Cir.1994), does not require that the Government allege his 1989 cocaine conviction in the indictment in order to establish an "aggravated felony." Instead, *Lomas* was concerned with whether the Government gave notice of its intention to rely on defendant's previous conviction. The Government did so on these facts: (i) the Government alleged both the 1990 and 1991 convictions as aggravated felonies in the superseding indictment; (ii) the Government argued in its Response to Garcia–Olmedo's Supplemental Motion to Dismiss Indictment that the 1989 conviction of solicitation to possess cocaine rendered the marijuana possession convictions aggravated felonies; and (iii) Garcia–Olmedo even stipulated to the existence of his 1989 cocaine conviction in his written plea agreement.

**3.** Indeed, both the 1990 and 1991 drug crimes constitute aggravated felonies since prior to those convictions Garcia–Olmedo had been convicted of solicitation to possess cocaine in 1989.

**4.** Garcia–Olmedo also argues that the 1994 amendments to 8 U.S.C. § 1326 overrule *Amaral* and its progeny. With these amendments, Congress intended, however, to enhance the penalties for illegal reentry where the defendant has a combination of misdemeanor convictions for crimes against the person and/or drugs. *See, e.g.,* 8 U.S.C. § 1326(b)(1) (stating "three or more misdemeanors involving drugs, crimes against the person, or both, or"); Sept. 13, 1994, Pub.L. No. 103–322, Title XIII, § 130001(b), 108 Stat.2023 (heading for amendments is "Enhancement of Penalties for Failing to Depart, or Reentering, After Final Order of Deportation"). If Congress had really intended to overrule the *Amaral* line of cases, it would have simply amended 8 U.S.C. § 1101(a)(43), 18 U.S.C. § 924(c) or 21 U.S.C. § 844(a). Because there is no ambiguity with respect to the 1994 amendments, as Garcia–Olmedo claims, the "rule of lenity" does not apply on these facts. *Staples v. United States,* 511 U.S. 600, 619 n. 17, 114 S.Ct. 1793, 1804 n. 17, 128 L.Ed.2d 608 (1994) (citations omitted).

## IV

Because the marijuana possession offenses for which Garcia–Olmedo was convicted in 1990 and 1991 are criminalized by the Controlled Substances Act, those offenses are "felon[ies] punishable under the Controlled Substances Act" and thus fall within the definition of "drug trafficking crime[s]" set forth in 18 U.S.C. ·§ 924(c)(2),. as adopted in U.S.S.G. § 2L1.2, comment. (n. 7). Accordingly, the offenses qualify as aggravated felonies for purposes of 8 U.S.C. § 1101(a)(43), and the district court correctly convicted Garcia–Olmedo under 8 U.S.C. § 1326(a) and (b)(2).

AFFIRMED.