**UNITED STATES of America,
Plaintiff,**

v.

**Rito Alfonso GALVAN–ZERMENO,
Defendant.**

No. 98–30041.

United States District Court,
C.D. Illinois,
Springfield Division.

May 21, 1999.

Patrick J. Chesley, Springfield, IL, for plaintiff.

David B. Mote, Springfield, IL, Joseph S. Miller, Springfield, IL, for defendant.

### OPINION

RICHARD MILLS, District Judge.

Is a downward departure warranted when an illegal alien's sentence is enhanced because he is "found" while incarcerated for another offense committed after his illegal reentry into the United States?

Yes.

This cause comes before the Court following Defendant's Sentencing. Defendant pled guilty on October 20, 1998, to the charge of reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Presentence Report (PSR) indicates that Defendant had been deported due to his 1995 conviction for possession of an illegal substance with intent to deliver. Subsequently, Defendant pled guilty in January 1998 to the offense of unlawful use of a firearm, arising out of an incident in Chicago, Illinois, in which Defendant pointed a firearm at police officers. In July 1998, Defendant was paroled to the custody of the U.S. Marshal's Office for the instant offense of illegal reentry by a deported alien.

The Presentence Report (PSR) prepared in this case reflects an enhancement of 16 points attributable to Defendant's prior aggravated felony conviction of possession with intent to deliver in 1995. In addition, the PSR reflects a criminal history category of V, due in part to a criminal history point resulting from Defendant's commission of the instant offense while in custody.

Defendant objects to the criminal history category of V, arguing that the proper category would be IV. He also argues that the 16 point enhancement is inapplicable because his prior conviction did not constitute an "aggravated felony" under the Guidelines. Finally, both parties urge the Court to depart, pursuant to U.S.S.G. 5K2.0, by applying a criminal history category of IV rather than V.

### A. Double Counting

■ The criminal history computation in the PSR includes several points for Defendant's previous conviction in Illinois state court for possession of a controlled substance in 1992 and for possession of a controlled substance with intent to deliver in 1995. In addition, the PSR adds an additional 2 points because Defendant committed the instant offense (reentry by a deported alien) while in custody and 1 point because Defendant committed the instant offense within 2 years after a release from imprisonment. Defendant contends that the addition of these 3 points constitutes double counting.

The United States Sentencing Guidelines (U.S.S.G.) § 4A1.1(d) provides that 2 points are to be added to the criminal history calculation if the instant offense was committed while under any criminal justice sentence, while U.S.S.G. § 4A1.1(e) adds a point if the defendant committed the instant offense less than two years after release from imprisonment. The Seventh Circuit has held that addition of criminal history points under § 4A1.1(d) is compatible with adding points under § 4A1.1(e). *E.g. United States v. Compton,* 82 F.3d 179, 184 (7th Cir.1996). The Court noted that the provisions target different conduct: § 4A1.1(d) punishes a defendant for commission of a crime during the pendency of a criminal justice sentence, while § 4A1.1(e) targets those who commit criminal acts shortly after release from incarceration. *Id.* Thus, the addition of points under 4A1.1(d) and 4A1.1(e) does not constitute double counting in this case.

### B. 16 point enhancement

The only objection that Defendant actually addressed at the sentencing hearing was the enhancement of 16 points for Defendant's conviction of an aggravated felony prior to his deportation. Defendant argues that the proper enhancement would be only 4 points for a prior felony conviction (rather than for an "aggravated felony"). Thus, the Court must determine

whether the prior conviction constituted an "aggravated felony" or instead merely a "felony" under the Guidelines. Twelve points hang in the balance.

■ The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43) as "illegal trafficking in a controlled substance (as defined in § 802 of Title 21), including a drug trafficking crime (as defined in § 924(c) of Title 18)." Also, § 924(c) defines a drug trafficking crime as "any felony punishable under the Controlled Substances Act" (21 U.S.C. § 801 et seq.). Those courts that have addressed the issue have determined that two elements are required in order to deem a prior conviction an "aggravated felony" under the Guidelines: (1) the prior offense must be a felony under the law of the state of conviction, and (2) the prior conviction must also have been punishable under the Controlled Substances Act. *See United States v. Hinojosa–Lopez*, 130 F.3d 691, 694 (5th Cir. 1997); *United States v. Briones–Mata*, 116 F.3d 308, 310 (8th Cir.1997); *United States v. Garcia–Olmedo*, 112 F.3d 399, 400 (9th Cir.1997); *United States v. Valenzuela–Escalante*, 130 F.3d 944, 946 (10th Cir. 1997). *United States v. Restrepo–Aguilar*, 74 F.3d 361, 364 (1st Cir.1996).

■ Here, it is clear that Defendant's prior conviction for possession of a controlled substance with intent to deliver was a felony under Illinois law. Defendant concedes as much, but urges the Court to nonetheless ignore Circuit Court precedent. The Court will reject this invitation.

In addition, possession of cocaine with intent to deliver is punishable under the Controlled Substances Act. See 21 U.S.C. § 801 et seq. Based on the above authorities, the Court finds that the 16 level enhancement is properly applied in this case.

### C. Downward Departure

■ The Government and Defense Counsel agree that a downward departure pursuant to 5K2.0 is warranted in this case. They argue that the Defendant receives the enhancement merely for being an illegal alien while in custody for the 1998 state conviction for unlawful use of a firearm. This sort of circumstance should be distinguished from cases where a person actively commits a criminal act while imprisoned.

For example, a person who escapes from prison would deserve an enhancement because he is determined to be more culpable than a person who does not commit a crime while imprisoned. See *United States v. Jimenez*, 897 F.2d 286 (7th Cir. 1990). Thus, some element of volition seems to be crucial in applying the enhancement to persons who commit crimes while in prison or under a criminal justice sentence.

In this case, Defendant received the enhancement based on the fact that he was "found" to be an alien while in custody for his 1998 conviction for unlawful use of a firearm. But being an alien is different from escape attempts or trying to smuggle contraband into the prison. The former is more akin to a pure status offense and is far less demonstrative of criminal culpability than the latter type of active criminal behavior.[1]

It should be noted that some courts have determined that reentry by an illegal alien constitutes a continuing offense and that an alien who is arrested after that illegal reentry may receive the two point enhancement for having committed the offense of reentry when he was "found" in prison after his reentry. *See United States v. Santana–Castellano*, 74 F.3d 593, 598 (5th Cir.1996).

However, the *Santana–Castellano* court did not consider whether a downward departure might be warranted in such situations. In addition, cases such as *Santana–Castellano* are compatible with a depar-

---

1. Of course the offense of reentry by an illegal alien is not purely a status offense in that one must actually come into the country to commit the offense. But there remains an important difference between being an alien and actively committing offenses while imprisoned.

ture under U.S.S.G. § 5K2.0. While the Sentencing Guidelines by its plain terms justify the two point enhancement, it also seems clear that the Commission did not consider the specific sort of situation exemplified by the instant case. A downward departure is justified when the Court finds that a guideline linguistically applies to a case, but the conduct involved is significantly different from the norm contemplated by the Guideline. *See United States v. King,* 150 F.3d 644, 650 (7th Cir.1998) (citing U.S.S.G. ch. 1, pt. A, intro. comment. 4(b)).

The Court finds that the Commission did not contemplate the situation involved in this case when formulating U.S.S.G. § 4A1.1(d). It appears far more likely that the Commission envisioned that the enhancement therein should typically be applied to those who engage in criminal behavior while under a criminal justice sentence rather than those who are "found" to be illegal aliens while in custody. Thus, the Court agrees with the parties that a downward departure is warranted in this case.

*Ergo,* Defendant's objections to the PSR (d/e 20) are DENIED. The Government's unopposed motion for downward departure pursuant to 5K2.0 is ALLOWED. Thus, Defendant's offense level is 21, and his criminal history category is IV, yielding a guideline range of 57–71 months. The Government and Defendant request a sentence of 57 months.

Accordingly, Defendant is sentenced to 57 months imprisonment. The imprisonment is to be followed by a two year term of supervised release upon discharge from the Bureau of Prisons. Defendant is ordered to pay the mandatory assessment of $100.00. No fine will be imposed.