Enrique VALENZUELA–ZAMORANO, Petitioner–Appellant,

v.

John ASHCROFT * Respondent–Appellee.

No. 99–71389.
INS No. A11–446–398.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2001 **.

Decided March 30, 2001.

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SNEED, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM ***

Enrique Valenzuela–Zamorano, a native and citizen of Mexico, appeals a final judgment of the Board of Immigration Appeals ("BIA") ordering his removal from the United States. Valenzuela disputes the Immigration Judge's ("IJ") finding that he committed an aggravated felony and was therefore foreclosed from requesting cancellation of removal under 8 U.S.C. § 1229b.

In the alternative, Valenzuela argues that his commission of an aggravated felony should not prevent him from seeking relief from deportation under repealed section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994). Valenzuela contends that application of 8 U.S.C. § 1229b, rather than former section 212(c), had an impermissible retroactive effect because both of the convictions that constitute Valenzuela's aggravated felony occurred prior to the statutory change.

We affirm the BIA's conclusion that Valenzuela committed an aggravated felony. We dismiss the remainder of the petition for lack of jurisdiction.

### I.

In January 1959, at the age of five, petitioner Enrique Valenzuela–Zamorano was admitted to the United States as a lawful permanent resident. In July 1991, Valenzuela pled guilty to possession of narcotic drugs, a class four felony under Arizona law. He was sentenced to three years probation. In September 1994, Valenzuela again pled guilty to possession of dangerous drugs, also a class four felony under Arizona law. He was sentenced to three years probation and three months in county jail.

On May 17, 1999 an immigration judge ordered Petitioner removed from the United States because 1) he had been convicted of an aggravated felony[1] and 2) he had been convicted of a violation of a law relating to a controlled substance.[2] Although Valenzuela conceded that he was subject to removal on the basis of his two convictions for possession of a controlled substance, he denied that these convictions constituted an aggravated felony. Because the IJ found to the contrary, Petitioner was not eligible to apply for discretionary relief from the Attorney General. 8 U.S.C. § 1229b (aggravated felons ineligible for discretionary cancellation of removal).

The BIA affirmed the IJ's decision and further held that Valenzuela could not seek relief under former 8 U.S.C. § 1182(c) (1994) because it had been repealed by Section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). The BIA rejected petitioner's contention that the repealed criteria for discretionary relief should continue to apply to aliens whose convictions were entered prior to the passage of IIRIRA.

### II.

*A. Jurisdiction*

8 U.S.C. § 1252(a)(2)(C) states:

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.")

2. 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of ... any law or regulation ... relating to a controlled substance ... is deportable.")

Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... [8 U.S.C. § ] 1227(a)(2)(A)(iii), (B) ....

Sections 1227(a)(2)(A)(iii) and (B) refer to aggravated felonies and violations of laws relating to controlled substances, respectively. The broad preclusive language of this provision prevents us from reviewing the legal determinations contained in a BIA removal order. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1137 (9th Cir.2000) (8 U.S.C. § 1252(a)(2)(C) divests appellate court of jurisdiction to review final orders of removal).

However, we "continue to have jurisdiction to determine if jurisdiction exists." *Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000). In other words, we have jurisdiction to decide whether the petitioner "is an alien [removable] by reason of having been convicted of one of the enumerated offenses." *Flores–Miramontes*, 212 F.3d at 1135 (citing *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999)). If these predicate facts are true, we must dismiss the petition for lack of jurisdiction. *Castro–Baez v. Reno*, 217 F.3d 1057, 1058 (9th Cir.2000).

Our jurisdiction is therefore limited to determining if Valenzuela was convicted of an aggravated felony. We find that his second conviction for possession of a controlled substance was an aggravated felony. We must dismiss the remainder of his petition for lack of jurisdiction. *See Flores–Miramontes*, 212 F.3d at 1135–6.

### B. *Aggravated Felony*

In *United States v. Garcia–Olmedo*, 112 F.3d 399 (9th Cir.1997), the defendant appealed his conviction for illegal reentry following an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). Like Petitioner in the present case, Garcia argued that his two prior convictions for possession of marijuana did not constitute an aggravated felony. The court rejected this argument and defined an aggravated felony as any offense that is "(a) punishable under the Controlled Substances Act, 21 U.S.C. § 844, and (b) qualif[ies] as a felony." *Garcia–Olmedo*, 112 F.3d at 400. Since a conviction for simple possession with a prior is punishable by a maximum sentence of two years under the Controlled Substances Act, it qualifies as an aggravated felony. 21 U.S.C. § 844(a); *Garcia–Olmedo*, 112 F.3d at 401. The same reasoning applies to Valenzuela's second conviction for possession of a controlled substance.

Valenzuela attempts to distinguish *Garcia–Olmedo* by arguing that the definition of aggravated felony as used in 8 U.S.C. § 1326(b)(2) is broader than the definition of the same term in the context of petitioner's eligibility for discretionary relief from removal. However, in *United States v. Zarate–Martinez*, 133 F.3d 1194 (9th Cir.1998), this court held that a second conviction for simple possession of a controlled substance was an aggravated felony and, therefore, "a per se bar to cancellation of deportation" under 8 U.S.C. 1229b. *Zarate–Martinez*, 133 F.3d at 1199. Following both *Garcia–Olmedo* and *Zarate–Martinez*, we hold that Petitioner's second conviction for simple possession was an aggravated felony.

### III

Because Petitioner is an alien removable on the basis of his previous aggravated felony conviction, we lack jurisdiction to review his remaining claims.

AFFIRMED IN PART AND DISMISSED IN PART