**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Marcial CABADA–NAVARRETE,**
Defendant–Appellant.

No. 00–10246.

D.C. No. CR–99–00035–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Marcial Cabada–Navarrete appeals the 60–month sentence imposed by the district court following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cabada–Navarrete contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires a remand to the district court because a prior aggravated felony conviction should be a fact determined by a jury and proven beyond a reasonable doubt. This contention is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000), *cert. denied*, — U.S. —, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Cabada–Navarrete also contends that counsel was ineffective for failing to raise and preserve the *Apprendi* issue before the district court. However, given *Pacheco-Zepeda*, we reject Cabada–Navarrete's contention because he has failed to demonstrate ineffective assistance of counsel from counsel's failure to argue that the prior aggravated felony conviction should have been determined by a jury. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989) (concluding that failure to raise a meritless legal argument does not constitute ineffective assistance of counsel); *see also United States v. Rivera–Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000) (holding that where the record is sufficiently developed to permit review and determination, an ineffective assistance claim may be reviewed on direct appeal).

Cabada–Navarrete also contends that his prior drug possession convictions combined do not qualify as aggravated felony convictions for purposes of the 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(1999). We previously held that a second drug possession conviction qualifies as an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43). *United States v. Garcia–Olmedo*, 112 F.3d 399, 402 (9th Cir.1997). We conclude the district court did not err by considering Cabada–Navarrete's prior possession convictions to increase his offense level by 16 points under U.S.S.G. § 2L1.2(b)(1)(A).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.