**Roy A. GARBUTT, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 99–70002.
INS No. A19–906–298.

United States Court of Appeals,
Ninth Circuit.

March 11, 2002.*

Decided March 18, 2002.

Before CANBY, BEEZER and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Roy A. Garbutt, a native and citizen of Belize, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") order removing Garbutt because he was convicted of an aggravated felony. The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this case because removal proceedings were initiated against petioner after April 1, 1997. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We have jurisdiction to consider whether petitioner has committed a deportable offense, but must dismiss his petition for lack of jurisdiction if we conclude that he has. *See Flores–Miramontes v. INS,* 212 F.3d 1133, 1135 (9th Cir.2000). We dismiss.

Petitioner's second state court conviction for possession of cocaine in violation of Section 11350(A) of the California Health and Safety Code is an aggravated felony under 8 U.S.C. § 1101(a)(43), rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See United States v. Garcia–Olmedo,* 112 F.3d 399, 400–01 (9th Cir.1997) (holding that a second state court conviction for simple possession of narcotics is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)). Petitioner was not entitled to notice under 21 U.S.C. 851(a)(1) because "an aggravated felony conviction does not create a sentencing enhancement in this circuit." *See id.* at 401.

Moreover, because petitioner admitted to the state court convictions, the IJ had an adequate basis for his removal order. *See Ocon–Perez v. INS,* 550 F.2d 1153, 1154 (9th Cir.1977) (per curiam).

---

Although petitioner eventually obtained expungement of his convictions, this court has upheld the BIA's interpretation of the term "conviction" in 8 U.S.C. § 1101(a)(48)(A) to allow the INS to disregard state rehabilitative expungements for immigration purposes. *See Murillo–Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir.2001).

Finally, we cannot consider petitioner's res judicata argument because he did not raise it before the BIA. *See Singh–Bhathal v. INS*, 170 F.3d 943, 947 (9th Cir.1999) (stating that even where a BIA dissenter discusses an issue in detail, if petitioner himself raises the issue for the first time on appeal, this court lacks jurisdiction to consider the issue.).

**PETITION DISMISSED.**

* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.