**UNITED STATES of America,**
Plaintiff,

v.

**Gabriel CONTRERAS–HERNANDEZ,**
Defendant.

No. 03–CR–36.

United States District Court,
E.D. Wisconsin.

Aug. 7, 2003.

Gregory Haanstad, Milwaukee, WI, for Plaintiff.

Jeffrey De La Rosa, for Defendant.

## *MEMORANDUM*

ADELMAN, District Judge.

Defendant Gabriel Contreras–Hernandez pled guilty to unlawfully re-entering the United States following his deportation for an aggravated felony, contrary to 8 U.S.C. § 1326(a) & (b)(2). The parties agreed that under the United States Sentencing Guidelines his offense level was 21 and criminal history category was V. The parties also agreed that it was within the court's discretion to order that his sentence on the instant offense run concurrently to an undischarged state sentence defendant was serving. In this memorandum, I set forth the reasons for my decision to depart from U.S.S.G. § 5G1.3(a)

and exercise discretion to impose a concurrent sentence.

## I. FACTS AND BACKGROUND

Defendant first came to the United States from Mexico in 1986. In 1996 he was convicted of inflicting corporal injury on his spouse—an aggravated felony—and sentenced to three years in prison. He was deported to Mexico on July 1, 1998, following completion of his prison sentence.

Defendant unlawfully re-entered the United States in September 2001. He was arrested in Milwaukee in March of 2002 and charged in state court with possession of cocaine with intent to deliver. On September 26, 2002, the state court sentenced him to eight years in prison on that charge. Defendant was located by the INS at the Dodge Correctional Institution on November 7, 2002 and indicted on a violation of § 1326 soon after.

Defendant pled guilty to the § 1326 charge. At sentencing, the issue arose as to whether his sentence should run concurrently or consecutively to his undischarged state sentence, and how the guidelines applied to this situation.

## II. DISCUSSION

U.S.S.G. § 5G1.3 addresses the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment, as was defendant. It provides:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Defendant's offense of conviction, unlawful re-entry following deportation, may be committed by a previously deported alien at three different points in time—when he (1) "enters," (2) "attempts to enter," or (3) is at any time "found in" the United States. *United States v. Rosales–Garay*, 283 F.3d 1200, 1202 (10th Cir.), *cert. denied*, 536 U.S. 934, 122 S.Ct. 2612, 153 L.Ed.2d 797 (2002); *United States v. Santana–Castellano*, 74 F.3d 593, 597 (5th Cir.1996). Unlawful reentry is also a continuing offense. Thus, at least in the case of surreptitious reentry, "the 'found in' offense is first committed at the time of the reentry and continues to the time when [the defendant] is arrested for the offense." *United States v. Lopez–Flores*, 275 F.3d 661, 663 (7th Cir.2001).

In this case, defendant was "found" on November 7, 2002, while he was serving a term of imprisonment. Therefore, because he was serving a prison sentence at the time he "committed" the instant offense, § 5G1.3(a) suggests that the sentence on the instant offense must be consecutive.

However, 18 U.S.C. § 3584(a) states that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently

or consecutively." The permissive language in this statute is in conflict with the mandatory language of § 5G1.3(a); when a guideline conflicts with a statute the guideline must give way. *United States v. Schaefer*, 107 F.3d 1280, 1285 (7th Cir. 1997). The Seventh Circuit has resolved the conflict by holding that, while § 5G1.3(a) creates a presumption in favor of a consecutive sentence, district courts retain the discretion to order a concurrent sentence under § 3584(a) so long as they comply with the procedures required for downward departures outlined in 18 U.S.C. § 3553. *Id.* at 1285–86; *see also United States v. O'Hara*, 301 F.3d 563, 571 (7th Cir.), *cert. denied*, 537 U.S. 1049, 123 S.Ct. 611, 154 L.Ed.2d 524 (2002) (noting that district courts retain discretion to depart when § 5G1.2(d) mandates consecutive sentences).

Under 18 U.S.C. § 3553(b), the sentencing court may depart from the guidelines if it "finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. § 5K2.0(a). Therefore, it was within my discretion to impose a concurrent sentence if I concluded that this was not the type of case the Commission had in mind when it enacted § 5G1.3(a).

▇▇ Section 5G1.3(a) was designed to provide increased punishment for those who actively commit crimes while in prison. *See United States v. Medrano*, 89 F.Supp.2d 310, 316 (E.D.N.Y.2000) (listing as examples drug dealing while on parole, assaulting a correctional officer, and mailing threatening communications from prison); *see also United States v. Galvan–Zermeno*, 52 F.Supp.2d 922, 924 (C.D.Ill. 1999) (stating that enhancement for committing crime while in prison is properly

reserved for one who "actively commits a criminal act while imprisoned," escape for example).

In each of these cases, the defendant, already under a criminal justice sentence for one crime, actively chose to engage in another. In [the case of a § 1326 offender], by contrast, the defendant ha[s] already committed all of the elements of the crime before he was convicted and incarcerated for the state offense. (In fact, his incarceration necessarily meant that he remained in the country illegally.) [The defendant's] being "found" while in jail was not the result of any conduct committed by him while in jail.

*Medrano*, 89 F.Supp.2d at 316–17.

▇▇ The court may depart if "the conduct at issue differs significantly from the norm even though the guideline linguistically applies." *United States v. Jaderany*, 221 F.3d 989, 995 (7th Cir.2000). That was precisely the situation here. Defendant committed no act in furtherance of his crime while in prison. He was simply "found" by the INS, completing the offense of unlawful re-entry. This was not the type of situation the Commission had in mind in drafting § 5G1.3(a). *See Medrano*, 89 F.Supp.2d at 317 (departing where § 5G1.3(a) applied to alien "found" in prison); *see also Galvan–Zermeno*, 52 F.Supp.2d at 924–25 (departing where defendant received two criminal history points under U.S.S.G. § 4A1.1(d) because he was "found" in prison).

Applying § 5G1.3(a) to these facts would not only be contrary to the Commission's intent of imposing harsher penalties on those who commit additional crimes while in prison, it would also result in unwarranted sentencing disparity. For example, if the § 1326 offender's date of violation is considered to be the date he crossed the border rather than the date he was

"found," he "would be, and routinely is, eligible for a concurrent sentence under [§ 5G1.3(c) ]." *Medrano*, 89 F.Supp.2d at 317 (citing *United States v. Sanchez–Rodriguez*, 161 F.3d 556, 564 (9th Cir.1998)) (en banc) (defendant found by the INS while being prosecuted for unrelated state crime and charged with illegal reentry while serving state prison sentence properly sentenced under subsection (c)); *United States v. Maria*, 186 F.3d 65, 69 & n. 3 (2d Cir.1999) (defendant charged with illegal reentry when arrested for assault properly sentenced under subsection (c)); *cf. Santana–Castellano*, 74 F.3d at 599 (suggesting that § 5G1.3(c) could be applied to § 1326 defendant found in prison).

> Significantly, too, a defendant convicted of the same offense, that of "being found," whose illegal presence was discovered by the government *before* the defendant was incarcerated would also be eligible for a concurrent sentence under subsection (c). Almost always, a defendant who is found illegally present in the United States after having been deported has also entered illegally. Thus, the literal application of subsection (a) to the offense of "being found" and of subsection (c) to illegal reentry means that identical conduct may result in the imposition of radically disparate terms of imprisonment depending solely on the often arbitrary choice whether to charge the defendant with illegal reentry or illegally being found.

*Medrano*, 89 F.Supp.2d at 317 (emphasis added).

## III. CONCLUSION

For these reasons, I concluded that this case presented a circumstance not adequately taken into account by the Commission in drafting § 5G1.3(a). Therefore, it was within my discretion to depart and impose a concurrent sentence under § 5G1.3(c).[1]

---

1. It also would have been within my discretion to disregard the two criminal history points defendant received under § 4A1.1(d), but subtraction of those points would not have changed defendant's criminal history category.